UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VANESSA STANLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:13-cv-23 |
| | ) |
| MADISON PRECISION PRODUCTS, INC., | ) ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Vanessa Stanley ("Stanley"), brings this action against Defendant, Madison Precision Products, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities ("ADA"), as amended.

**PARTIES**

2. Stanley has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Stanley was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

7. Stanley is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. Stanley satisfied her obligations to exhaust her administrative remedies, having timely

filed a Charge of Discrimination with the Equal Employment Opportunity Commission. She received her "Dismissal and Notice of Rights" and now timely files her lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Defendant hired Stanley for the position of Operator on or about July 30, 2007.

11. Stanley held the position of Operator/Inspector when she was terminated.

12. Stanley's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

13. Stanley has taken prescription medications for multiple years due to her impairments, including her back condition, diabetes, high blood pressure, and cholesterol.

14. Stanley advised Team Leaders Sue Ann Forsythe-Hooker and Jamie Copeland and Shift Manager Ronnie Johnson of her impairments and prescription medications on several occasions.

15. On or about June 18, 2012, Human Resources Manager Steve Massey ("Massey") summoned Stanley to his office.

16. After being summoned to Massey's office, he asked Stanley what she knew about the prescription called oxymorphone.

17. Stanley stated it was also called Opana, which she had been previously prescribed.

18. Stanley pulled out her prescription bottles to show Massey the type and amounts of prescriptions she was taking.

19. Stanley informed Massey she carried her prescription bottles with her because of the possibility of being selected for random drug testing.

20. Stanley advised him she kept her pills in a purple pill container with only the amounts she would be taking for the day.

21. Massey then proceeded to tell Stanley that Defendant was terminating her because of the nature of her medications, the current problem with employee drug use at Defendant, and some accusation she was selling drugs.

22. Before advising her she was terminated, Massey gave her no opportunity to deny the false accusation.

23. Stanley denied the accusation and asked if there was anything she could do, to which he responded: "No."

24. Stanley was able to perform the essential functions of her job with her prescription medications.

25. Defendant issued no discipline to Stanley before her discharge.

26. Stanley had no indication prior to her meeting with Massey of any purported disciplinary issues.

27. Defendant did not interview Stanley as part of any investigation, to the extent an investigation was even conducted.

28. On information and belief, Defendant has accorded more favorable treatment to similarly-situated employees.

29. All reasons proffered by Defendant for adverse actions taken by it regarding Stanley's employment are pretextual.

30. Stanley has suffered injury as a result of Defendant's unlawful actions.

## DISABILITY DISCRIMINATION – ADA

31. Stanley hereby incorporates paragraphs 1-30 of her Complaint.

32. Defendant took adverse employment actions against Stanley based on her disability, her record of a disability, and/or its perception of her being disabled.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stanley's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Vanessa Stanley, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Stanley to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Stanley;

3. Defendant pay compensatory and punitive damages to Stanley;

4. Defendant pay pre- and post-judgment interest to Stanley;

5. Defendant pay Stanley's attorneys' fees and costs incurred in litigating this action; and

6.        Defendant pay to Stanley any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Bradley L. Wilson*
Bradley L. Wilson (21154-49)

Attorneys for Plaintiff
Vanessa Stanley

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:   jhaskin@hlllaw.com
        bwilson@hlllaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Vanessa Stanley, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)
